UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

REBECCA E. WILSON,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-235

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 14. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 13), Plaintiff's reply (doc. 15), the administrative record (doc. 6),[1] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed for SSI on January 16, 2014. PageID 213-18. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative joint disease of bilateral knees, obesity, osteoarthritis of the right hip, moderate chronic obstructive pulmonary disease ("COPD"), depression, and anxiety. PageID39

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Mark Hockensmith on March 23, 2016. PageID 53-92. The ALJ issued a decision on April 19, 2016 finding Plaintiff not disabled. PageID 37-47. Specifically, the ALJ found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work[2], "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 42-47.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 27-29. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 37-47), Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 13), and Plaintiff's reply (doc. 15). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-

---

[2] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967(c). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 416.967(a).

46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B. **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) improperly weighing the opinions of treating physicians Wayne Woodard, M.D., and Joni Koren, D.O., examining psychologist Mary A. Jones, Ph.D., record reviewing psychologists Leslie Rudy, Ph.D., and Patricia Semmelman, Ph.D., and record reviewing physicians Leslie Green, M.D., and Michael Delphia, M.D.; (2) failing to appropriately base her RFC on any medical opinion evidence; (3) unreasonably creating her RFC without due regard for the combination of Plaintiff's impairments; (4) failing to find she did not meet or medically equal Listing § 1.02; and (5) improperly assessing her credibility. Doc. 8 at PageID 528-40. Finding error in the

4

ALJ's assessments of Dr. Woodard's opinion, the Court does not specifically address Plaintiff's other alleged errors, but directs that each such alleged error be reviewed by the ALJ on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinions is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

5

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakely*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*. Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 416.927(c). Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

In this case, the medical evidence of record includes, *inter alia*, an opinion from treating physician Dr. Woodard. PageID 498-99. Dr. Woodard opined that Plaintiff was unable to lift any weight on an occasional basis; could stand up to 15 minutes at one time; could sit up to 60

minutes at one time; and could never stoop, balance, climb ladders, or climb stairs. *Id.* The ALJ assigned Dr. Woodard's opinion "little weight" stating:

> [it] is not event consistent with the [Plaintiff's] own function reports in which she said that she was able to lift 10 or 15 pounds, do laundry, wash dishes, drive a car, or even with her testimony that she could lift at least a gallon jug of milk. As indicated herein above, even Dr. Woodard's treatment records show that the [Plaintiff] responded so well to his treatment and injections that knee surgery was no longer imminently necessary. The [Plaintiff] has alleged that she has difficulty with squatting, stooping, bending, and kneeling, and I have included appropriate restrictions with regard to those activities in my determination of the [Plaintiff's] RFC. I have also included restrictions with respect to climbing, balancing, and working around hazards, as specified herein above, due to the instability in her knees, hip pain, and obesity.

PageID 44. Initially, the Court finds that the ALJ erred by failing to mention or specifically analyze whether Dr. Woodard's opinion is entitled to controlling weight, *i.e.*, whether the opinion is "supported by medically acceptable clinical and laboratory diagnostic techniques" and whether the opinion is consistent "with the other substantial evidence in [the] case record.'" *LaRiccia*, 549 F. App'x at 385. Such failure amounts to error, *see Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *4 (S.D. Ohio Aug. 19, 2014), because the lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (citations omitted). Any error in this regard can be harmless if the ALJ "has otherwise met the regulation's goal." *Id.* at 380. Here, however, the regulation's goal is not met because none of the specific reasons set forth by the ALJ address with any specificity the controlling weight factors.

Insofar as the ALJ found Dr. Woodard's opinion inconsistent with the evidence of record or unsupported by his treatment notes, the ALJ fails to cite to any specific treatment note or other part of the record in support of such conclusory contention. Such failure is error. *See Friend v.*

7

*Comm'r of Soc. Sec.*, 375 F. App'x 543, 551–52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record" in the absence of "some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion" is accorded lesser weight). Further, while the ALJ appears to have relied on Plaintiff's daily activities to undermine Dr. Woodard's opinion that Plaintiff is unable to lift anything on even an occasional basis, and can never stoop, balance, or climb, -- *i.e.*, doing laundry, driving, lifting a gallon jug of milk, and washing dishes -- the ALJ did not conclude, and the record does not support the conclusion, that Plaintiff can do these activities on a sustained basis. *See Gayheart*, 710 F.3d at 377.

The undersigned concludes that the ALJ failed to conduct a controlling weight analysis in analyzing Dr. Woodard's opinion and, therefore, the ALJ's non-disability finding should be found unsupported by substantial evidence.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance,

evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   April 10, 2018                              s/ Michael J. Newman
                                                                                         Michael J. Newman
                                                                                         United States Magistrate Judge